**CSD 1001A** [08/22/03]
Name, Address, Telephone No. & I.D. No.

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

In Re

Debtor.

BANKRUPTCY NO.

Date of Hearing:
Time of Hearing:
Name of Judge:

Order Entered on
October 25, 2010
by Clerk U.S. Bankruptcy Court
Southern District of California

# ORDER ON

IT IS ORDERED THAT the relief sought as set forth on the continuation pages attached and numbered two (2) through _____ with exhibits, if any, for a total of _____ pages, is granted. Motion/Application Docket Entry No. _____

//
//
//
//
//
//

DATED: October 25, 2010

Judge, United States Bankruptcy Court

Signature by the attorney constitutes a certification under Fed. R. of Bankr. P. 9011 that the relief in the order is the relief granted by the court.

Submitted by:

_____
(Firm name)

By:_____
   Attorney for Movant

CSD 1001A

Order on Motion to Approve
Cash Collateral Stipulation                                           In re Trant Manor LLC, Case No. 10-13663

The Motion to Approve Cash Collateral Stipulation (the "Motion"), seeking approval of the Stipulation Re (A) Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and (B) Grant of Adequate Protection Pursuant to 11 U.S.C. §§ 361 and 363 Nunc Pro Tunc to the Petition Date ("Stipulation"), came on for hearing on October 21, 2010, at 11:00 a.m. in Department 1 of the United States Bankruptcy Court for the Southern District of California, the Honorable Margaret M. Mann presiding. Alan Vanderhoff appeared on behalf of Trant Manor, LLC, a California limited liability company ("Debtor"). Lori Partrick appeared on behalf of City National Bank, for itself and as an acquirer of certain assets and liabilities of 1st Pacific Bank of California, from the Federal Deposit Insurance Corporation Acting as Receiver ("Bank"). Other appearances, if any, are set forth in the Court's record. The Court having reviewed the Motion and the Stipulation and good cause appearing therefore:

IT IS HEREBY ORDERED:

1. Without limiting the foregoing, and subject to further order of the Court, Debtor may use Bank's Cash Collateral as that term is defined in the Stipulation ("Cash Collateral") on and subject to the terms and conditions set forth in the Stipulation.

2. This Order is intended to provide adequate protection of Bank's liens and security interests in its collateral as that term is used in 11 U.S.C. §§ 361 and 507(b).

3. This Order and the Stipulation shall be effective *nunc pro tunc* as of the Petition Date, July 31, 2010. Without limitation, the payment due for September 10, 2010 shall be paid to Bank and redirected for payment of property taxes as provided in the Stipulation forthwith. Except as otherwise provided in the Stipulation, the terms of this Order and the Stipulation shall be valid and binding upon Debtor, all creditors of Debtor, all successors in interest to the Debtor, any statutory committee appointed in these cases and all other parties in interest from and after the Petition Date.

4. Subject to final approval of the Stipulation by this Court, Debtor and Bank may extend the term of the Stipulation on the terms and conditions specified in the Stipulation, and this Order shall apply to the Stipulation as so extended.

*Signed by Judge Margaret M. Mann October 25, 2010*

Order on Motion to Approve
Cash Collateral Stipulation                                             In re Trant Manor LLC, Case No. 10-13663

     5.    As adequate protection of Bank's interests in the Cash Collateral and the Pre-Petition Collateral, and Debtor's use of same, Debtor shall pay the payments to Bank (including any redirection of same to payment of property taxes as provided in the Stipulation) each month as prescribed in the Stipulation. The automatic stay contained in Bankruptcy Code Section 362 is hereby modified to permit the receipt and application of such payments, to the extent applicable.

     6.    Debtor shall cooperate with and provide records and information to Bank as specified in the Stipulation.

     7.    As additional adequate protection for, *inter alia*, the imposition of the automatic stay and the use by Debtor of the Cash Collateral, and without limiting Bank's other rights under the Loan Documents (as defined in the Stipulation), State law or the Bankruptcy Code, Bank is hereby granted (effective as of the Petition Date and without the necessity of the execution by Debtor, or filing, of security agreements, pledge agreements, mortgages, financing statements or otherwise) pursuant to sections 361 and 363(e) of the Bankruptcy Code, replacement liens (the "Replacement Liens") on: (a) all post-petition revenue generated by the Debtor including, without limitation, all post-petition cash receipts, credit card collections and accounts, and all proceeds thereof (including property acquired with such revenues); and (b) all property described in the Loan Documents as Bank's collateral or property securing bank's claim acquired by the Debtor on or after the petition date (collectively, (a) and (b) above are the "Replacement Liens" and the collateral encumbered by the Replacement Liens are the "Post-Petition Replacement Collateral"). The Replacement Liens shall encumber all Post-Petition Replacement Collateral acquired by the Debtor prior to any Termination (as defined in the Stipulation) and any products and proceeds of the Post-Petition Replacement Collateral, including property acquired with Post-Petition Replacement Collateral.

     8.    The Replacement Liens shall be deemed perfected as of the commencement of the Debtor's Chapter 11 Case, shall not be subject to or pari passu with any lien or security interest existing as of the Petition Date other than senior liens, if any, and except as may be specified

*Signed by Judge Margaret M. Mann October 25, 2010*

Order on Motion to Approve
Cash Collateral Stipulation                                   In re Trant Manor LLC, Case No. 10-13663

otherwise in the Stipulation, shall be valid and enforceable against any trustee appointed in any Chapter 11 Case, or in a subsequent proceeding upon the conversion of any Chapter 11 Case to a case under Chapter 7 of the Bankruptcy Code.

       9.       No lien or security interest in any property of Debtor granted or arising on or after the Petition Date (including, without limitation, liens and security interests, if any, granted in favor of any federal, state, municipal or other governmental unit, commission, or board for any liability of Debtor) shall be created or permitted to be pari passu with, or senior to, the Replacement Liens, including, without limitation, pursuant to section 364(d) of the Bankruptcy Code.

       10.       Without the necessity of the filing of financing statements, mortgages or other documents, this Order shall be sufficient evidence of Bank's perfected liens on and security interests in all Post-Petition Replacement Collateral as described herein to secure all of the obligations owed to Bank under the Loan Documents (the "Obligations").

       11.       Notwithstanding the foregoing, Debtor, and its officers or agents on its behalf, is authorized and directed, if so requested by Bank, to execute such documents including, without limitation, security agreements and financing statements and to pay all costs and expenses as may be reasonably required to provide further evidence of the perfection of Bank's liens in the Post-Petition Replacement Collateral as provided herein.  The stay imposed by section 362(a) of the Bankruptcy Code is hereby lifted to allow the filing and recording of the Stipulation, a certified copy of this Order or any such financing statements, notices of lien or similar instruments, and all such documents shall be deemed to have been filed or recorded coincident with the Petition Date.

       12.       During the term of the Stipulation, except as may be otherwise agreed in writing by Bank, Debtor is enjoined and prohibited from granting any mortgages, security interests or liens, including liens created under Section 364(d) of the Bankruptcy Code, which are senior to or on a parity with Bank's pre-petition security interests or liens.

       13.       Bank may terminate Debtor's right to use Cash Collateral on the terms and

Order on Motion to Approve  
Cash Collateral Stipulation                              In re Trant Manor LLC, Case No. 10-13663

conditions set forth in the Stipulation. Notwithstanding any termination of Debtor's authority to use the Cash Collateral pursuant to the Stipulation, all liens, priorities, rights and remedies provided to Bank in this Order and the Stipulation shall survive such termination and remain in full force and effect with respect to any Pre-Petition Indebtedness (as defined in the Stipulation), any claims and obligations arising under this Order or the Stipulation, outstanding on such termination date and any fees incurred by Bank after termination of the Stipulation in enforcing its rights under the Stipulation.

14. The provisions of this Order and the Stipulation and any actions taken pursuant hereto shall survive entry of any order (a) converting the Chapter 11 Case to a Chapter 7 Case or (b) dismissing the Chapter 11 Case and the terms and provisions of this Order, the Stipulation and Bank's claims, liens and security interests granted pursuant to this Order, the Loan Documents and the Stipulation shall continue in full force and effect notwithstanding the entry of any such order, and the Replacement Liens and Priority Claims, if any, shall maintain their priority as provided by this Order and the Stipulation until all of the obligations owed to Bank are indefeasibly paid in full in cash. The provisions hereof shall be immediately binding upon and inure to the benefit of Bank, Debtor and their respective successors and assigns, including any trustee or other fiduciary hereafter appointed in the Chapter 11 Case or in any superseding Chapter 7 case as a legal representative of Debtor or Debtor's estate.

15. If this Order or any of the provisions hereof or the Stipulation are hereafter modified, vacated, stayed or reversed by subsequent order of this Court or any other court, without Bank's express written consent, such stay, modification, vacation or reversal shall not affect (a) the validity of any obligation, indebtedness or liability incurred by Debtor to Bank that is or was incurred pursuant to this Order or the Stipulation before the later of (i) the effective date of such stay, modification or vacation or reversal and (ii) the date of the Bank's receipt of notice thereof, or (b) the validity and enforceability of the rights, remedies, liens, security interests and priorities authorized and created by this Order or (c) Bank's right and ability to collect and apply any and all amounts due to it under the Loan Documents as provided in the

Order on Motion to Approve
Cash Collateral Stipulation                                             In re Trant Manor LLC, Case No. 10-13663

Stipulation.

16. Notwithstanding any stay, modification, vacation, or reversal of this Order, any indebtedness, obligation or liability incurred by Debtor pursuant to the Stipulation arising prior to the later of the effective date of such stay, modification, vacation or reversal, or Bank's receipt of notice thereof, shall be governed in all respects by the original provisions of this Order and the Stipulation, and Bank shall continue to be entitled to all of the rights, remedies, privileges and benefits, including any payments authorized herein and all security interests, liens and priorities granted herein, with respect to all such indebtedness, obligations or liabilities incurred or existing prior to such date, and with respect to Debtor's use of the Cash Collateral prior to such date. Without limiting the generality of the foregoing, in the event the Bankruptcy Court hereafter modifies any of the provisions of this Order or the Stipulation, such modifications shall not affect the rights, remedies, liens and priorities of Bank granted or acknowledged pursuant to this Order or the Stipulation with respect to the Obligations and the Pre-Petition Indebtedness and any Cash Collateral which is used prior to any such modifications.

17. Nothing in this stipulation or order shall affect or determine Erickson-Hall's mechanic's lien rights, priority or claims on the Property. This order shall not determine priority of interest between Erickson-Hall's and the Bank's interest on the Property.

Approved as to form and content:

PILLSBURY WINTHROP SHAW PITTMAN LLP


By: ___/s/ Lori Partrick_____
       Lori Partrick, Esq.
Attorneys for City National Bank

6